```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TENNESSEE
                             WESTERN DIVISION
```

CHARMANE SMITH,

       Plaintiff,

vs.                                No. 06-2484-Ma/V

UNITED STATES OF AMERICA,
et al.

       Defendants.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR INJUNCTION AND PROHIBITION
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On July 24, 2006, Plaintiff Charmane Smith filed a pro se complaint that purports to invoke this Court's subject-matter jurisdiction pursuant to, inter alia, 28 U.S.C. § 1331, along with a motion seeking leave to proceed in forma pauperis. The motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as the United States of America; the Federal Communications Commission ("FCC"); Jefferey [sic] A. Zucker; Robert C. Wright; Marc J. Saperstein; the National Broadcasting Company ("NBC"); NBC Universal, Inc. ("Universal");[1] Jeffrey R. Immelt; Lloyd

---

[1] Defendants Zucker, Wright, and Saperstein are apparently employed by NBC and/or Universal.

G. Trotter; the General Electric Company ("GE");[2] L. Lowry Mays; Mark P. Mays; Randall T. Mays; Clear Channel Communications, Inc.;[3] Carolyn Gilbert; Robin Maddy; Critical Mass Media, Inc. ("Critical Mass");[4] Stuart O. Olds; Robert Damon; Katz Media Group, Inc. ("Katz");[5] Kraig Kitchin; Daniel M. Yukelson; Premiere Radio Networks, Inc. ("Premiere");[6] Nina Tassler; George Schweitzer; CBS;[7] Anne M. Sweeney; Jeffrey Bader; John Rouse; ABC, Inc. ("ABC");[8] Ed Wilson; Del Mayberry; and Fox Broadcasting Company ("Fox").[9]

In her complaint, Plaintiff alleges that "[t]he U.S. Media Industry has broadcasted obscene, profane, indecent, and slanderous comments to appeal to and promote prurient interests, and to provoke resentment, mistrust, jealousy, harassment, and persecution against" her. Compl., ¶ 2; see also id. at 3 ("The Defendants conspired to injure, oppress, threaten, and intimidate me by spreading vicious, defamatory rumors through television and covert radio broadcasts and through celebrities who had the potential to influence the public.").

---

[2] Defendants Immelt and Trotter are alleged to be employees of GE.

[3] L. Lowry Mays, Mark P. Mays, and Randall T. Mays are alleged to be employees of Clear Channel. This judge is not related to any of these parties.

[4] Defendants Gilbert and Maddy are alleged to be employees of Critical Mass.

[5] Defendants Olds and Damon are alleged to be employees of Katz.

[6] Defendants Kitchin and Yukelson are alleged to be employees of Premiere.

[7] Defendants Tassler and Schweitzer are alleged to be employees of CBS.

[8] Defendants Sweeney, Bader, and Rouse are alleged to be employees of ABC.

[9] Defendants Wilson and Mayberry are alleged to be employees of Fox.

The complaint contains no details about the allegedly obscene or defamatory statements, making it impossible for the Court to identify them or to connect any statement with any defendant. Plaintiff alleges that Defendants' actions have taken place "for at least 25 years." Id., ¶ 4. The complaint also alleges as follows:

> 6. Defendants have committed Libel Per Se against me by promoting a hoax in the form of a series of false accusations, ideas, and phrases that caused me physical, emotional, personal, educational, professional, and financial harm. Defendants induced public acceptance of and participation in harmful rumor-milling, harassment, and persecution.
>
> 7. Defendants have illegally invaded and exploited my privacy, in violation of the privacy guarantee of the 4th Amendment of the U.S. Constitution. Defendants have committed unreasonable invasion of my home, violated my right to privacy, violated my right of publicity, have illegally publicized my private information and facts, and have publicized information that has placed me in a false light (defamed my character); the invasion of my privacy is not warranted by and does not serve any legitimate interest that benefits society. The invasion and exploitation of my privacy has been detrimental to myself, my family, and society as a whole.

Id., ¶¶ 6-7. The United States and the FCC are sued because they failed to prevent the media defendants from publishing allegedly obscene and defamatory information about Plaintiff. Id., ¶ 1. Plaintiff seeks two trillion dollars ($2,000,000,000,000) in damages.

Along with her complaint, Plaintiff has submitted a "Motion for Injunction and Prohibition Under Rule 65 Fed.R.Civ.Pro." (Docket Entry ("D.E.") 3) seeking mandatory injunctive relief directing the United States and the FCC to force

> all U.S. Television, Radio, and any other Broadcasters to COMPLETELY STOP All Airing, Filming, Recording, and Broadcasting of me, Plaintiff CHARMANE SMITH, in any way,

3

manner, form, likeness, perspective, or medium and to COMPLETELY STOP any mention, uttering, alluding, or comment against, directed at, or about me by any person or celebrity during any television or radio broadcast or other form of publication.

D.E. 3 at 1. In support of her motion, Plaintiff asserts as follows:

1. The Defendants are guilty of unreasonable intrusion into my life and home previously without my knowledge, without my consent, and have done so in excess of 25 years. The Defendants are alleged to have induced public acceptance of this crime by fabricating excuses that appeared to justify their illegal invasion and exploitation of my person; consequently creating a hoax that has caused me lifelong hardship, suffering, and loss.

2. . . . It is alleged that the Defendant Broadcasters have made at least 1 trillion dollars by exploiting me but did not have the decency to pay me royalties or compensation, much less to offer it; in violation of Amendment 13 of the U.S. Constitution prohibiting slavery or involuntary servitude.

. . . .

4. The Defendants have led the public into Mass Delusional Disorder; an environment and mentality that is morbidly jealous, narcissistic, delusional, erratic, and psychotic in nature. Many in the public have personality flaws and disorders that are self destructive, amoral, dangerous, disgusting, and socially reprehensible, incorporating Ego Defense Mechanisms in sick and inappropriate ways, such as:

    **Denial** (arguing against an anxiety provoking stimuli by stating it doesn't exist)—People deny that they harbor jealous feelings against or over me. People deceive others into believing that I am a liar and have made it seem that I deserve to be hated, harassed, and rejected for accusing women of being jealous. . . . Many women are jealous of me and I would be vulnerable, naive to the point of stupidity, or delusional not to see and believe that they are jealous.

    **Displacement** (taking out impulses on a less threatening target)—Women take out jealous anger on me instead of men who disappoint them by failing to give

> them the attention or affection they desire or feel entitled to. . . .
>
> **Projection** (placing unacceptable impulses in yourself onto someone else)—People label me as a fake in disregard of the fact that they have been deceitful and manipulative in spiteful, deranged, and pitiful effort to ruin my reputation, romantic relationships, and happiness. Also, women label me as a whore despite the fact that they are guilty of shamelessly conspiring to compete against me for attention, men, and a 'rumored' fiancé . . . .
>
> **Rationalization** (supplying a logical or rational reason as opposed to the real reason)—People justify their jealous hate towards me and hide their own insecurities by speciously claiming that they do not see why any man would be attracted to me . . . . Denying the existence of my attractiveness is also a manipulation tactic meant to influence others to blind themselves to and refuse to acknowledge my attractive qualities.
>
> Women blame me and my reputation as a nymphomaniac for causing them to fail to get the attention, affection, or devotion of men they desire to be with in order to avoid feelings of being outdone . . . . Women accuse me of suffering from Multiple Personality Disorder and of faking nymphomania as an excuse to hate and do harm to me . . . and to provoke hate against me . . . . Accusations of mental illness and fake nymphomania is also being used by devious, underhanded people as an excuse to get away with lashing out in vicious spite against me without being shamed or punished for their jealous, self-serving, and unjustified evil intentions against me.

Id. at 1-2, 3-5 (emphasis in original).

The Court is required to screen <u>in</u> <u>forma</u> <u>pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)    is frivolous or malicious;

(ii)   fails to state a claim on which relief may be granted; or

5

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, each and every one of Plaintiff's claims is "clearly baseless," "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint that does not contain any substantial claim does not confer federal subject matter jurisdiction. Hagans v. Levine, 415 U.S. 528, 536- 37 (1974). There is no reason to believe that Plaintiff was ever the subject of attention in the broadcast media, locally or nationally, much less the sustained, twenty-five (25) year media frenzy described in the complaint and motion.[10]

The Court lacks subject-matter jurisdiction over Plaintiff's claim against the United States and the FCC. Although the complaint cites the federal diversity jurisdiction statute, 28 U.S.C. § 1332, neither the United States nor the FCC is a citizen of a state for diversity purposes. General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991); Weeks Constr., Inc. v. Oglala Sioux Housing

---

[10] The Court notes that, on October 2, 1998, Plaintiff was found incompetent to stand trial in United States v. Smith, No. 96-20093-B(Tu) (W.D. Tenn.), and United States v. Smith, No. 96-20129-B(Tu) (W.D. Tenn.). Smith was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Judgment was entered on October 13, 1998. The United States Court of Appeals for the Sixth Circuit, in an unpublished opinion, affirmed Smith's commitment to the Attorney General. United States v. Smith, No. 98-6454 (6th Cir. Mar. 9, 2000). Pursuant to an order dated July 1, 2003, Plaintiff was conditionally released from the Federal Medical Center on July 2, 2003. She was arrested on January 1, 2004 for violation of the terms of her conditional release, which included refusals to take her medication and various threats. After a hearing on May 11, 2004, an order was issued retaining jurisdiction over Plaintiff for one year and requiring her to report periodically to the United States Probation Office and to refrain from filing any new lawsuits. The period of supervision has expired and, in 2006, Plaintiff filed 12 new lawsuits, most of which have been summarily dismissed.

Auth., 797 F.2d 668, 676 n.10 (8th Cir. 1986); cf. Moore v. County of Alameda, 411 U.S. 693, 717 (1973) (a State cannot be a citizen of itself for purposes of diversity jurisdiction); Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482 (1894) (same).

Plaintiff also relies on 28 U.S.C. § 1331, concerning federal-question jurisdiction; 28 U.S.C. § 1343(a), a civil rights statute; and 28 U.S.C. § 1346(b)(1), concerning tort claims against the United States. However, the complaint does not allege that the United States or the FCC violated any federal statute that provides a private right of action. Even if the complaint could be construed broadly to allege violation of Plaintiff's constitutional rights, the United States and the FCC are immune from suit in a Bivens action. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"); see also Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir. 1988) (per curiam) (barring claim against federal employee in his official capacity).[11]

---

[11] Sovereign immunity also bars Bivens actions against the United States or its agencies for declaratory and injunctive relief. Wolverton v. United States, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); United States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).

The complaint fails to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., because it does not appear that Plaintiff has properly exhausted her claims as required by 28 U.S.C. § 2675.[12] Accordingly, the Court DISMISSES the complaint as to the United States and the FCC pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

As to the claims against the remaining defendants, the complaint does not allege a viable claim under any civil rights statute. Although the complaint alleges that the media defendants violated Plaintiff's rights under the Fourth Amendment, that provision, on its face, applies only to governmental action. A plaintiff seeking redress for a violation of her constitutional rights may sue state officials under 42 U.S.C. § 1983 and federal officials under Bivens. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999); see also Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001) (private corporation that operates prison under color of federal law cannot be sued under Bivens).

---

[12] Although the complaint also alleges that the United States and the FCC violated 18 U.S.C. § 1464, a federal criminal statute prohibiting the broadcasting of obscene language, the complaint makes clear that these parties did not personally broadcast anything; instead, they are accused of failing to prevent broadcasts by the media defendants. A federal criminal statute provides no basis for subject-matter jurisdiction over a civil complaint.

Finally, 18 U.S.C. § 1393(a), concerning restitution in criminal cases, is not relevant here. Similarly, 18 U.S.C. § 2255(a), which provides a civil remedy for minors who are victims of sexual abuse or sexual exploitation, is also inapplicable for numerous reasons. The complaint does not allege that the United States or the FCC violated any federal criminal statute that would give rise to a private right of action; any claim against the United States or the FTCA must be brought under the FTCA; and Plaintiff is not a minor.

Although the citation of 28 U.S.C. § 1343(a) suggests that Plaintiff is attempting to state a claim under 42 U.S.C. § 1985, any such claim is subject to dismissal. Although the complaint does not identify which provision of § 1985 Plaintiff purports to invoke, the only applicable provision would be § 1985(3), which prohibits a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999).

The complaint, even construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), does not allege that Defendants sought to deprive Plaintiff of the equal protection of the laws or that they were motivated by racial, or other class-based, invidiously discriminatory animus.

"[T]o demonstrate the necessary conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired." Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127 (M.D. Tenn. 1997); see also Brooks v. American Broadcasting Cos., 932 F.2d 495 (6th Cir. 1991) (affirming denial of motion to amend to add § 1985 claim because "the allegations are too

9

vague and conclusory to withstand a motion to dismiss"); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Lindsey v. Allstate Ins. Co., 34 F. Supp.2d 636, 645 (W.D. Tenn. 1999); cf. Gutierrez v. Lynch, 826 F.2d 1524, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a claim."; dismissing § 1983 conspiracy claim). The complaint contains no allegations that any individual or corporate defendant committed any particular overt act that libeled Plaintiff or invaded her privacy. Apart from the bare assertion that "[t]e Defendants conspired," Compl., ¶ 3, the complaint does not allege any specific act or means used by any participant in the alleged conspiracy.

Accordingly, to the extent the complaint purports to assert a claim against the corporate and individual defendants under Bivens, 42 U.S.C. § 1983, or 42 U.S.C. § 1985, it is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Plaintiff also relies on 18 U.S.C. § 241, a federal criminal statute. There is no private right of action under this statute. United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003); Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002); Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000).[13]

---

[13] Plaintiff also cites 18 U.S.C. § 1584, a federal criminal statute prohibiting the sale of persons into involuntary servitude; and 18 U.S.C. §§ 1464
(continued...)

To the extent the complaint can be construed as asserting a claim under Tennessee law for defamation, over which the Court might have subject-matter jurisdiction under 28 U.S.C. § 1332(a), the complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a)(2) provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." That statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Sixth Circuit has emphasized that "[a] complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998) (citation omitted); see also Minadeo v. ICI Paints, 398 F.3d 741, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v. Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Payne v.

---

[13] (...continued)
and 1466, federal criminal statutes prohibiting the broadcast of obscene language and material. These statutes are factually inapplicable here and do not authorize private suits for damages. The complaint does not allege any facts that would suggest that any defendant violated 18 U.S.C. § 1591(a), which prohibits sex trafficking of children or trafficking of persons forced to engage in commercial sex acts. Another provision cited by Plaintiff, 18 U.S.C. § 1458, does not exist. Finally, although violations of 18 U.S.C. § 2252(a)(1) may give rise to a private cause of action under 18 U.S.C. § 2255(a), the complaint does not allege any facts that suggest any defendant violated that statute and Plaintiff is not a minor.

Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Hancock v. U.S. Dep't of Educ., No.04-2256-Ml/V, 2005 WL 3071881, at *3 (W.D. Tenn. Nov. 14, 2005). The complaint in this case is insufficient to give notice of the nature of Plaintiff's claims against Defendants.

Under Tennessee law, the elements of a defamation claim are as follows:

> 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.

Sullivan v. Baptist Mem. Hosp., 995 S.W.2d 569, 571 (Tenn. 1999). "A libel action involves written defamation and a slander action involves spoken defamation. The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation." Quality Auto Parts, Inc. v. Bluff City Buick Co., 876 S.W. 2d 818, 820 (Tenn. 1994); see also Davis v. The Tennesseean, 83 S.W.3d 125, 130 (Tenn. Ct. App. 2001) ("[I]t is injury to one's reputation for good character with the public which is necessary for an actionable claim

of defamation. . . . To suffer injury to one's standing in the community, or damage to one's public opinion, one must prove good standing and reputation for good character to begin with."). A complaint must allege all the elements of a defamation claim, although one unpublished decision in the Sixth Circuit has held that the substance of the defamatory communication need not be alleged. Wright v. Sodexho Marriott Servs., 30 F. App'x 566, 567 (6th Cir. 2002).[14] In this case, the complaint does not allege any false statement published by any Defendant concerning Plaintiff that was made with knowledge of its falsity, with reckless disregard for the truth of the statement, or with negligence in failing to ascertain the truth of the statement.[15]

For all of the foregoing reasons, the Court DISMISSES the complaint as to the corporate and individual defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (2).

In light of the dismissal of the complaint, the motion for injunctive relief is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider,

---

[14] Wright is distinguishable from this case, which involves the review of an in forma pauperis action pursuant to 28 U.S.C. § 1915(e)(2). See Baxter v. Rose, 305 F.3d 486, 489-90 (6th Cir. 2002).

[15] For the reasons previously stated, see supra p. 6 & n.10, there is substantial reason to doubt that any Defendant made any statement whatsoever about Plaintiff, let alone a defamatory statement.

13

178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a

motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 8th day of January, 2007.

S/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE